FILED
2019 Dec-05  PM 02:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| RENAY CUNNINGHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:19-cv-01752-JHE |
| | ) |
| PROFESSIONAL WIREGRASS | ) |
| COMMUNICATIONS, INC., et al., | ) |
| | ) |
| Defendants. | |

## MEMORANDUM OPINION AND TRANSFER ORDER

Plaintiff Renay Cunningham ("Cunningham") brings this action for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), against her former employer Defendant Professional Wiregrass Communications, Inc. ("PWC") and Defendant Douglas E. Lindley ("Lindley"), an individual. (Doc. 1). Defendant PWC moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue, or, alternately, to transfer the case to the United States District Court for the Middle District of Alabama. (Doc. 5). In response, Cunningham has moved to transfer venue, stating she does not oppose transferring this action to the United States District Court for the Middle District of Alabama. (Doc. 12). Defendant Lindley has not appeared; however, the Clerk issued an Alias Summons to Defendant Lindley on December 3, 2019. (Doc. 11). For the reasons that follow, PWC's alternative motion to transfer venue and Cunningham's motion to transfer are **GRANTED**.

Both Cunningham and PWC, the parties who have appeared, agree that a transfer of venue to the United States District Court for the Middle District of Alabama is appropriate. Furthermore, it appears that venue in this District may not be proper. Accordingly, for these reasons along with

the fact that it does not appear that transfer to the Middle District would prejudice Defendant Lindley in any way, this action will be **TRANSFERRED**.

Defendant PWC is a domestic corporation organized in Montgomery, Alabama in 1986, and has always done business exclusively in Dothan, Houston County, Alabama – both of which are in the Middle District of Alabama. (Doc. 5-1).   Plaintiff Cunningham worked for PWC between 2009 and 2017, as a telephone operator at PWC's answering service in Dothan, Houston County, Alabama. (*Id.*).  All books and records related to the business, including personnel and payroll records, were generated and are maintained in Dothan, Houston County, Alabama. (*Id.*). All witnesses who would be able to testify about the nature of Cunningham's work, the hours that she worked, and her regular and overtime pay live in and work in and around Houston County, Alabama. (*Id.*). Although the complaint does not identify Defendant Lindley's city or county of residence, the complaint identifies Lindley's office as located in Montgomery, Alabama.[1] (Doc. 1). The recently issued alias summons for Lindley was issued to a Montgomery, Alabama address. (Doc. 11).

The general federal venue statute, applicable to this action, states as follows:

(b) **Venue in general.** – A civil action may be brought in –

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] Defendant PWC asserts that Lindley has not been affiliated with PWC in almost thirty years and would not have been Cunningham's employer or supervisor during the time she worked at PWC (2009-2017). (*See* doc. 5 at 4).

28 U.S.C. § 1391(b).

As PWC points out, the Northern District of Alabama does not appear to be a proper venue, as none of the defendants reside here and there are no allegations that even a small part of the events or omissions giving rise to the claim occurred here. *(See* doc. 5). *See also* 28 U.S.C. § 1391(b). Also, as PWC points, it appears all of the defendants reside in and events or omissions giving rise to this action took place in the Middle District of Alabama, which includes Montgomery and Houston County. Cunningham not only agrees that transfer to the United States District Court for the Middle District of Alabama is proper, but requests the action be transferred there. *(See* doc. 12).

Thus, regardless of whether this action should have been brought in the Northern District of Alabama, the undersigned may transfer this action to another district in which it might have been brought "[f]or the convenience of the parties and witnesses (and) in the interest of justice." 28 U.S.C. § 1404(a); *Tomberlin v. Clark*, No. 2:12CV1052-MHT, 2013 WL 2297184, \*2-5 (M.D. Ala. May 24, 2013). To decide whether justice and convenience favor transfer, courts generally consider a number of non-exhaustive factors, including the plaintiff's initial choice of forum, the convenience of the parties, the relative means of the parties, the relative ease of access to sources of proof, the availability of compulsory process for witnesses, the convenience of the witnesses, the location of relevant documents, the financial ability to bear the costs of the change, and trial efficiency. *Tomberlin*, 2013 WL 2297184, at \*2. Other than the plaintiff's initial choice of forum, which she now requests be transferred, all of these factors weigh in favor of transfer. Accordingly, it is **ORDERED** that this action be **TRANSFERRED** to the United States District Court for the Middle District of Alabama.

3

DONE this 5th day of December, 2019.

_____

**JOHN H. ENGLAND, III**

UNITED STATES MAGISTRATE JUDGE

A TRUE COPY
SHARON N. HARRIS, CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

BY: _____
                        DEPUTY CLERK

4